N. C. Briggs *v.* J. S. Simonds.

The neglect or failure of one party to prove what is essential to his recovery, is not cured by the evidence of the other, leaving the fact doubtful.

APPEAL from the Fourth District Court of New Orleans, *Price, J.* *Hunton & Miller* for plaintiff. *G. A. Breaux* and *Dirhammer* for defendant and appellant.

Howell, J. This is an action to recover back the sum of $476 34, the amount of an execution against plaintiff and in favor of defendant, as having been paid in error.

A general denial was pleaded, and judgment rendered against defendant for $433 44, with interest, from which he appealed.

The facts are as follows:

In the year 1856 Simonds had a claim for $401, for repairs to the steamboat C. Hays, for which the plaintiff, as captain, gave his due bill on 29th December, 1859, endorsing on it, at the time, an acknowledgement or confession of judgment, in these words: "I hereby acknowledge the above bill or note to be correct, and also judgment on the same. Dec. 29, 1856. (Signed) N. C. Briggs, master steamboat C. Hays."

In the spring of 1857, Dr. Crockett transferred to Simonds a note of Goodall for about $350, endorsed by him, Crockett; on which Simonds brought suit on 28th May, 1857, took judgment, and, by his attorneys, received on 18th November, 1857, from Crockett, the endorser, $358 10, in full satisfaction thereof.

On 8th June, 1857, Simonds sued on the note or due bill given by Briggs for the repairs to the steamboat C. Hays, and on the same day, by virtue of the confession thereon, as above, took a personal judgment against Briggs; on which no proceedings were taken, until February, 1859, when execution was issued and levied on the steamboat Bluff City, the property of Briggs, as she was about leaving the port of New Orleans; and Kennett, Blood & Co., as the agents of Briggs, paid off said execution, amounting to $476 34, on 25th February, 1859, being the sum claimed in this suit.

The plaintiff alleged that Dr. Crockett was the owner of the steamboat C. Hays, and that the transfer by him of the Goodall note for $350 was in payment of the repairs, for which the plaintiff had given his due bill. The burden rests upon him to show that both payments were made on the same account, to wit: for the repairs of the boat.

There is no proof in the record that Crockett was owner of, or in any way connected with the steamboat; and the only direct evidence, in relation to the object of the transfer of the Goodall note to defendant, is the testimony of the witness *Mackison.* But he appears to have derived his knowledge of this important fact from Crockett himself, a third person, not interested in the suit; which is clearly hearsay evidence, and not admissible. 8 N. S. 671. The fact that the latter was dead at the time of taking the testimony does not change its character. It was excepted to by the counsel for the defendant, and the exception must prevail.

Independent of this testimony, the record does not contain sufficient proof to support plaintiff's demand. The neglect or failure of one party to prove what is essential to his recovery is not cured by the evidence of the other, leaving the fact doubtful. 3 N. S. 228.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is further ordered, that judgment be rendered in favor of defendant, with costs in both courts.